1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CRUM & FORSTER INDEMNITY COMPANY, | Case No. 20-cv-00127-LB |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |
| v. | |
| ROBB REPORT MEDIA LLC, et al., | Re: ECF No. 44 |
| Defendants. | |

United States District Court
Northern District of California

17

18

19

20

21

22

23

24

25

## INTRODUCTION

The plaintiff Crum & Forster, an insurer, underwrote an insurance policy for Ferrari for a 2018 Ferrari 812 Superfast, which two defendants —Anatoly Borokhovich (the driver) and Emil Borokhovich (the passenger) — crashed (and totaled) at an event in Napa where attendees could test drive luxury cars.[1] Defendant Robb Report leased the car for the event, and the Borokhovichs signed a contract requiring them to pay for any damage to the car.[2] Crum paid Ferrari $292,508.35 for the car and filed this lawsuit to recover this amount, claiming that the defendants breached the

26

27

28

---

[1] Second Am. Compl. ("SAC") – ECF No. 33 at 2 (¶ 3), 5 (¶ 33). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id*. at 3 (¶ 13), 4–5 (¶¶ 27–32).

contracts and were negligent.[3] The Borokhovichs moved to dismiss the operative complaint on the following grounds: (1) as permissive drivers, they are insured to the same extent under Cal. Ins. Code § 11580.1 as Ferrari, and Crum thus cannot subrogate against them (meaning, recover from them); (2) Emil was a passenger, not a driver, and thus Crum does not plausibly plead causation against him for the breach-of-contract claim or breach of the duty of care for the negligence claim.[4] The court can decide the motion without oral argument. *See* Civ. L. R. 7-1(b). The court grants the motion for the negligence claim, denies the motion to dismiss on the contract claim, and — given these holdings — asks for more clarification on the choice-of-law provision in the context of an amended complaint.

## STATEMENT

The following sections summarize (1) the complaint's allegations about the relevant contracts, (2) the complaint's allegations about the November 4, 2018 car accident, and (3) the relevant procedural history.

### 1. The Contracts

The plaintiff Crum & Forster Indemnity Corporation is an insurer based in New Jersey.[5] It issued a policy to Ferrari North America that insured the 2018 Ferrari 812 Superfast.[6] The plaintiff did not attach the policy to the complaint or otherwise submit it.

Robb Report provides a membership service that allows its members to enjoy luxurious experiences with its partners.[7] Robb Report hosts a "Robb Report Car of the Year" event, where its members can "test-drive and evaluate up to thirteen luxury and performance vehicles that vie

---

[3] *Id*. at 6 (¶¶ 44–45).

[4] Mot. – ECF No. 42-1.

[5] SAC – ECF No. 33 at 2 (¶ 1).

[6] *Id*. (¶ 3).

[7] *Id*. (¶ 20).

United States District Court
Northern District of California

for the title of 'Robb Report Car of the Year.'"[8] On October 19, 2018, Ferrari loaned the Ferrari Superfast to the defendants Robb Rice and Robb Report LLC (collectively, "Robb Report") for use at this event.[9]

Defendant Robb Rice "represented to Ferrari that he would be the authorized driver of the Vehicle and provided his contact information and driver's license to Ferrari's records."[10] The loan agreement provided the following:

> 1. Borrower [Robb Report] . . . shall be responsible for damage to the Vehicle[] borrowed under the Vehicle Loan Authorization Form . . . which is attached and incorporated by reference. Borrower shall also release, indemnify and hold harmless Ferrari North America, Inc. ("FNA"), its parent, all subsidiaries and affiliates, from any and all claims, damages, loss or expenses attributable to property damage or bodily injury (including, but not limited to, sickness, injury and death) and property damage arising from or allegedly arising from Borrower's use of the Vehicle[] unless, and to the extent, caused by the sole negligence of FNA. In addition, FNA requires that prior to loaning any Vehicle, the Borrower[] provide FNA with their driver's license information including state of issue and license number, and that Borrower, signing below, consents to FNA having its insurer conduct a license background check. FNA reserves the right to disallow Vehicle operation by individuals who, in the sole judgment of FNA, or its insurer, possesses an adverse driving record as determined by researching applicable state motor Vehicle record.
>
> . . .
>
> 3. Borrower agrees that no one, other than authorized drivers shall be permitted to operate the Vehicle[], unless prior authorization is obtained from FNA. Any authorized driver must be a minimum of twenty-five (25) years of age and possess a valid driver's license. No driver shall operate the Vehicle while under the influence of alcohol or drugs.
>
> . . .
>
> 5. Borrower agrees to return the Vehicle[] in the same condition as received, except for normal wear and tear, and be responsible for maintenance of the Vehicle[] (gas, oil, tire pressure, etc.).[11]

---

[8] *Id*. at 4 (¶ 24).

[9] *Id*. at 3 (¶ 13).

[10] *Id*. (¶ 16).

[11] Loan Agreement, Ex. A to SAC – ECF No. 33 at 11. On a motion to dismiss, the court may consider materials attached to the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Robb Report's 2018 Car of the Year event took place between October 28 and November 9, 2018 at the Meadowood Resort in Napa, California.[12]

### 2. The Accident

On October 21, 2018, Ferrari delivered the Ferrari Superfast to the Meadowood Resort, with a scheduled return on November 10, 2018. Robb Report "represented to Ferrari that only authorized persons who were jurors and journalists would be able to access the Vehicle."[13]

On November 2, 2018, defendants Emil Borokhovich and Anatoly Borokhovich signed waivers to borrow and drive the Ferrari Superfast.[14] The waivers incorporated the terms and conditions of the loan agreement between Ferrari and Robb Report.[15] The waivers expressly noted that, by signing, the Borokhovichs "are agreeing to all of the terms, conditions, and stipulations laid out in all of the [] forms," including Ferrari's loan agreement.[16]

On November 4, 2018, the Borokhovichs took the Ferrari Superfast for a drive and crashed it on Meadowood Lane in unincorporated Napa, California.[17] Anatoly Borokhovich was the driver, and Emil Borokhovich was the passenger.[18] Anatoly Borokhovich explained to the responding California Highway Patrol officer that he was driving the speed limit (25 miles per hour) when he lost control while trying to avoid another car that crossed over the double-yellow line into his lane.[19] Emil Borokhovich could not corroborate this story.[20] The officer interviewed a witness,

---

[12] SAC – ECF No. 33 at 4 (¶¶ 22–23).

[13] *Id.* (¶¶ 25–26).

[14] *Id.* (¶ 27).

[15] *Id.* (¶¶ 28–31); A. Borokhovich Waiver, Ex. B to SAC – ECF No. 33 at 15–19 (incorporating the conditions of the "Ferrari Superfast Juror Vehicle Loan Agreement"); E. Borokhovich Waiver, Ex. C to SAC – ECF No. 33 at 21–25 (same).

[16] Borokhovich Waiver, Ex. B to SAC – ECF No. 33 at 17; E. Borokhovich Waiver, Ex. C to SAC – ECF No. 33 at 23.

[17] SAC – ECF No. 33 at 5 (¶ 33).

[18] *Id.*

[19] *Id.* (¶¶ 36–37).

[20] *Id.* (¶ 38).

United States District Court
Northern District of California

who said that he saw the Ferrari Superfast leave Meadowood Resort "followed by the sound of rapid acceleration and a loud crash."[21] After hearing the crash, the witness got into his own car and drove to the scene of the accident.[22] No cars passed by him "between the time the Vehicle left the resort and his arrival at the scene."[23]

Based on the witness's statements, the physical examination of the scene and the Ferrari Superfast, and other physical evidence, the officer concluded that Anatoly Borokhovich was at fault for the accident: "A. Borokhovich lost control of the Vehicle by executing an unsafe turn at speeds in excess of twenty-five miles per hour."[24]

As a result of the crash, the Ferrari Superfast was a "total loss." Ferrari made a claim under its insurance policy with the plaintiff, noting that the Ferrari Superfast was being operated by a "permissive driver" at the time of the accident.[25] Crum paid Ferrari $292,508.35 for the damages.[26]

### 3. Procedural History

Crum filed its initial complaint on January 6, 2020 and the operative Second Amended Complaint ("SAC") on June 9, 2020, claiming the following:: (1) breach of contract against Robb Report LLC (claim one); (2) breach of contract against the Borokhovichs (claim two); (3) negligence against Robb Report LLC and Robb Rice (claim three); and (4) negligence against the Borokhovichs (claim four).[27] The Robb Report defendants answered the SAC and cross-claimed against the Borokhovichs for (1) equitable indemnity, (2) comparative equitable indemnity, (3)

---

[21] *Id*. (¶ 39).

[22] *Id*. (¶ 40).

[23] *Id*. (¶ 41).

[24] *Id*. (¶¶ 42–43); Collision Report, Ex. D to SAC – ECF No. 33 at 27–35.

[25] SAC – ECF No. 33 at 6 (¶¶ 44–45); Proof of Loss, Ex. E to SAC – ECF No. 33 at 37–38.

[26] SAC – ECF No. 33 at 6 (¶ 45); Proof of Loss, Ex. E to SAC – ECF No. 33 at 38; Crum & Forster Letter Dated May 17, 2019, Ex. F to SAC – ECF No. 33 at 40.

[27] Compl. – ECF No. 1; SAC – ECF No. 33 at 6–9 (¶¶ 46–70).

United States District Court
Northern District of California

express contractual indemnity, (4) contribution, and (5) declaratory relief.[28] The Borokhovichs move to dismiss the SAC on the grounds that that Crum has no subrogation claim against them under Cal. Ins. Code § 11580.1, and Emil Borokhovich — as a passenger — did not breach the contract or the duty of care and, and thus Crum did not plausibly plead claims against him for breach of contract or negligence.[29] All parties consented to magistrate jurisdiction.[30]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (cleaned up).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (cleaned up) (quoting *Twombly*, 550 U.S. at 557).

---

[28] Robb Report Answer – ECF No. 37; Crossclaim – ECF No. 10 at 3 (¶¶ 7–25).

[29] Mot. – ECF No. 42-1.

[30] Consents – ECF Nos. 7, 12, 19, 31.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1182 (9th Cir. 2016) (cleaned up).

## ANALYSIS

The Borokhovichs moved to dismiss (1) all claims on the ground that as permissive drivers, they are insured to the same extent under Cal. Ins. Code § 11580.1 as Ferrari, and Crum thus cannot subrogate against them, and (2) Emil was a passenger, not a driver, and thus Crum does not plausibly plead causation against him for the breach-of-contract claim or breach of the duty of care for the negligence claim.[31] The court grants the motion for the negligence claim, denies the motion to dismiss on the contract claim, and — given these holdings — defers consideration of the choice-of-law provision until Crum files its amended complaint.

### 1.  Cal. Ins. Code § 11580.1

The Borokhovichs argue that Crum's subrogation claims against them are barred because, under Cal. Ins. Code § 11580.1(b)(4), they were permissive drivers and thus are insured to the same extent as Ferrari. The court lacks sufficient information to reach this argument.

In general, an insurer cannot subrogate against its own insured. *St. Paul Fire & Marine Ins. Co. v. Murray Plumbing & Heating Corp.*, 65 Cal. App. 3d 66, 75–76 (1976) ("subrogation exists only with respect to rights of the insurer against third person to whom the insurer owes no duty"). Under California Ins. Code § 11580.1(b)(4), motor-insurance policy must "afford[] insurance . . . to the same extent that insurance is afforded to the named insured, to any other person using the motor Vehicle, provided the use is by the named insured or with his or her permission, express or implied, and within the scope of that permission." Cal. Ins. Code § 11580.1(b)(4); *see Nat'l Indem. Co. v. Manley*, 53 Cal. App. 3d 126, 132 (1975) ("By enacting [S]ection 11580.1, subdivision (b)(4), the Legislature declared that this state's public policy requires that all

---

[31] Mot. – ECF No. 42-1.

United States District Court
Northern District of California

permissive users . . . were to be afforded the same coverage of insurance as is the named insured"). This section "only applies to policies that are issued or delivered in California." *Zurich Am. Ins. v. Grand Ave. Transp.*, C. 09-00197-CRB, 2010 WL 682530, at *3 (N.D. Cal. Feb. 23, 2010) (citing Cal. Ins. Code § 11580.1(a)); *Occidental Fire & Cas. Co. of North Carolina v. Lumbermens Mut. Cas. Co.*, 667 F. Supp. 679, 686 (N.D. Cal. 1987) ("under Section 11580.1, the mandatory provision for permissive user coverage is only applicable to policies . . . which are issued or delivered in California").

The threshold issue is whether § 11580.1(b)(4) applies: Crum argues that it does not because "this case involves a New Jersey policy."[32] The complaint, however, does not explicitly allege the policy's terms, Crum did not attach the policy to the complaint, and no party submitted it. Only in its opposition did the plaintiff affirmatively state that the policy "was issued in New Jersey."[33] There are not sufficient facts in the record to address the choice-of-law issue, even given the plaintiff's allegations that the plaintiff was licensed to issue insurance policies in New Jersey, it is based in New Jersey, and the insured (Ferrari) was based in New Jersey.[34] Given that the court dismisses with leave to amend the negligence claim against Emil Borokhovich, the court defers consideration of the choice-of-law provisions until Crum files its amended complaint.[35]

### 2.   Contract Claim Against Emil Borokhovich

Defendant Emil Borokhovich moves to dismiss the breach of contract claim against him on the ground that — as a passenger — he did not cause the accident. The court denies the motion.

To state a claim for breach of contract, a plaintiff must show the following: (1) a contract existed; (2) the plaintiff performed his duties or was excused from performing his duties under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result

---

[32] Opp'n – ECF No. 43 at 5.

[33] *Id.*

[34] SAC – ECF No. 33 at 2 (¶¶ 1–4).

[35] Given this threshold issue, the court does not reach the plaintiff's second argument that the Borokhovichs are not insured for purposes of collision coverage.

of that breach. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

"Implicit in the element of damage is that the defendant's breach *caused* the plaintiff's damage."

*Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1352 (2009) (emphasis in original).

"Causation of damages in contract cases requires that the damages be proximately caused by the

defendant's breach." *Id*. In other words, the plaintiff must show that the breach "was a substantial

factor in causing damage to the plaintiff[]." *Id*. at 1353 (cleaned up).

Emil Borokhovich contends that Crum did not plead causation because it pleaded only that

Anatoly Borokhovich was the driver and the cause of the accident.[36] This is unpersuasive. The

causation that Crum must plead is that the breach of the contract caused the damages. *See id*. at

1352; *accord. Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015

WL 3882448, at *12 (N.D. Cal. June 23, 2015) ("the requisite causation . . . between breach and

damages is established when the plaintiff demonstrates that the defendant's breach was a

'substantial factor' in causing the damage."). Here, the breach was Emil Borokhovich's failure to

"return the Vehicle in the same condition as received and fail[ure] to pay for the amount of

damages to the Vehicle."[37] Because the car was not in the same condition (and allegedly was a

"total loss"), Crum paid Ferrari $292,508.35.[38] It plausibly alleged a causal connection between

the alleged breach and the injury.

In sum, the court denies the motion to dismiss the contract claim against Emil Borokhovich.

### 3.  Negligence Claim Against Emil Borokhovich

Emil Borokhovich also contends that the court should dismiss the negligence claim against

him because — given that he was a passenger, not a driver — Crum did not plausibly plead that he

breached his duty of care.[39] The court grants the motion to dismiss with leave to amend.

---

[36] Mot. – ECF No. 42-1 at 8–10.

[37] SAC – ECF No. 33 at 7 (¶ 57)

[38] *Id*. at 6 (¶ 45), 7 (¶ 58).

[39] Mot. – ECF No. 42-1 at 10–11.

United States District Court
Northern District of California

The elements of negligence are duty, breach, causation, and damages. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 629 (2013). The existence of a duty is the starting question: "[t]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992). Although "the same wrongful act may constitute both a breach of contract and an invasion of an interest protected by the law of torts[,]" a plaintiff must still identify a duty to support a claim in tort. *Erlich v. Menezes*, 21 Cal. 4th 543, 551 (1999) (quoting *North American Chemical Co. v. Superior Ct.*, 59 Cal. App. 4th 764, 774 (1997)).

Courts generally "enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate social policy that merits the imposition of tort remedies." *Erlich*, 21 Cal. 4th at 552. Tort damages have been available in some contract cases, for example: "[(1)] where a breach of duty directly causes physical injury; [(2)] for breach of the covenant of good faith and fair dealing in insurance contracts; [(3)] for wrongful discharge in violation of fundamental public policy; or [(4)] where the contract was fraudulently induced." *Id.* at 551–52 (citations omitted). In each of these examples, however, "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Id.* at 552.

The issue is that Crum does not plead an independent tort duty beyond the contractual promise. Crum alleges that "E. Borokhovich owed a duty of care to Ferrari North America Inc. to operate the Vehicle in a safe manner and return the Vehicle in the same condition it was received."[40] This is, however, the same contractual obligation to "return the Vehicle in the same condition as received."[41] Crum does not identify any other independent tort duty in its second-amended complaint or opposition that should be imposed on Emil Borokhovich, a passenger in the car.[42] That Crum may plead alternative claims does not dispense the requirement to plead an

---

[40] *Id.* at 8 (¶ 66).

[41] *Id.* at 7 (¶ 55).

[42] *See id.* at 8–9 (¶¶ 65–70); Opp'n – ECF No. 43 at 8.

United States District Court
Northern District of California

essential element of each claim. *Cf. Coffen v. Home Depot U.S.A. Inc.*, No. 16-cv-03302-PJH,

2016 WL 4719273, at *4 (N.D. Cal. Sept. 9, 2016) (dismissing negligence claim with prejudice

where the alleged duty "arose solely from the contractual relationship between the parties").

The court dismisses the negligence claim against Emil Borokhovich with leave to amend.

## CONCLUSION

The court dismisses the negligence claim against Emil Borokhovich and otherwise denies the

motion to dismiss. Crum must clarify the choice-of-law issues in its amended complaint, which it

must file within 21 days of this order.


**IT IS SO ORDERED.**

Dated: September 8, 2020

_____

LAUREL BEELER
United States Magistrate Judge