UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CRUM & FORSTER INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROBB REPORT MEDIA LLC, et al.,<br><br>Defendants. | Case No. 20-cv-00127-LB<br><br>**ORDER GRANTING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: ECF No. 68 |

## INTRODUCTION

The plaintiff, Crum & Forster, is an insurer who underwrote an insurance policy for Ferrari for a 2018 Ferrari 812 Superfast. The defendants are (1) Robb Report Media, which borrowed the car for use at an auto event in Napa, (2) Anatoly Borokhovich, who drove the car at the event and crashed and totaled it, and (3) his brother Emil Borokhovich, who was a passenger. Crum paid Ferrari for the damage ($292,508.35) and then sued the defendants to recover the funds under two contracts: a loan agreement between Ferrari and Robb Report, which required Robb Report to return the car in the same condition and pay for any damage, and the Borokhoviches' waivers, which incorporated the loan agreement. Crum & Forster moved for partial summary judgment on its breach-of-contract claims on the ground that the defendants breached the agreements by not returning the car in the same condition or paying for the damages. The court grants the motion in part: the defendants breached their agreements. (The court can decide this point without oral argument. Civ. L. R. 7-1(b).) The

court orders additional briefing on Crum's entitlement to damages: the defendants must file a response of up to seven pages to Crum's reply brief in two weeks, and Crum may reply in up to five pages one week later. The court sets the matter for a hearing on July 29, 2021 at 9:30 a.m.

## STATEMENT[1]

Crum & Forster is an insurer who underwrote an insurance policy for Ferrari for a 2018 Ferrari 812 Superfast.[2] Ferrari loaned the car to defendant Robb Report for their Robb Report Car of the Year Event, where event attendees can test drive and judge luxury and performance vehicles.[3] On October 19, 2018, Robb Report representative Robb Rice accepted delivery of the Ferrari Superfast from Ferrari, provided a copy of his driver license, and signed the Vehicle Loan Agreement (as the "Borrower").[4] The Vehicle Loan Agreement states:

> Borrower (as set forth below) shall be responsible for damage to the vehicle(s) borrowed. . . . Borrower shall also release, indemnify and hold harmless Ferrari North America, Inc. ("FNA"), its parent, all subsidiaries and affiliates, from any and all claims, damages, loss or expenses attributable to property damage or bodily injury . . . and property damage arising from or allegedly arising from Borrower's use of the Vehicle(s) unless, and to the extent, caused by the sole negligence of FNA. . . . Borrower agrees to return the Vehicle(s) in the same condition as received, except for normal wear and tear, and be responsible for maintenance of the Vehicle(s) (gas, oil, tire pressure, etc.)[.][5]

---

[1] The defendants objected to nearly every declaration and piece of evidence that Crum & Forster submitted. Objections – ECF Nos. 71-1, 71-2, 71-3, 72-1, 75. Many of the objections are relevance objections, based on the best evidence rule, or assert that a declarant's statement is made without personal knowledge, all of which are "duplicative of the summary judgment standard itself and are superfluous." *Dillon v. Cont'l Cas. Co.*, 278 F. Supp. 3d 1132, 1137 (N.D. Cal. 2017) (quotation omitted). "Instead of challenging the admissibility of this evidence, lawyers should challenge its sufficiency." *Id.* In addition, "[w]hen evidence is not presented in an admissible form in the context of a motion for summary judgment, *but . . . may be presented in an admissible form at trial*, a court may still consider that evidence." *Huynh v. Harasz*, No. 14-CV-02367-LHK, 2016 WL 2757219, at *9 (N.D. Cal. May 12, 2016). "Summary judgment is not a game of 'Gotcha!' in which missteps by the non-movant's counsel, rather [than] the merits of the case, can dictate the outcome." *Uschold v. Carriage Servs., Inc.*, No. 17-cv-04424-JSW, 2020 WL 1466172, at *4 (N.D. Cal. Mar. 6, 2020). The evidentiary objections are without merit. To the extent the court relies on evidence that the defendants objected to, the court overrules the objections. The remaining objections are moot.

[2] Perkins Decl. – ECF No. 68-3 at 2 (¶¶ 2–4).

[3] Richardson Decl. – ECF No. 68-1 at 2 (¶¶ 1–2); Rice Decl. – ECF No. 71-4 at 1–2 (¶ 2).

[4] Richardson Decl. – ECF No. 68-1 at 2–3 (¶¶ 4, 6); Vehicle Loan Agreement, Ex. A to *id.* – ECF No. 68-1 at 11–12; Ex. B to *id.* – ECF No. 68-1 at 15 (showing Robb Rice's signature); Rice Decl. – ECF No. 71-4 at 2 (¶¶ 4–5).

[5] Vehicle Loan Agreement, Ex. A to Richardson Decl. – ECF No. 68-1 at 11.

Attached to the Vehicle Loan Agreement was a Vehicle Loan Authorization Form, which identified the Ferrari Superfast as the vehicle referenced in the Vehicle Loan Agreement.[6]

Robb Report required attendees at the event to electronically sign a "Car of the Year Napa Valley 2018 Driver Waiver" if they wanted to drive the cars. The waivers contained links to the releases and loan agreements from the car manufacturers.[7] Defendants Anatoly Borokhovich and Emil Borokhovich each signed a waiver on an iPad.[8] Above the signature line, the waivers said, "By signing your name below you are agreeing to all of the terms, conditions, and stipulations laid out in all of the following forms. Please click each link below to review each waiver you are signing for." Ten hyperlinks followed: Robb Report's waiver and release, and agreements for Aston Martin, Bentley, BMW, Ford, Ferrari, Lamborghini, Mercedes-Benz, Porsche, and Rolls Royce.[9] The Borokhoviches both say that no one at the event explained the waivers to them or told them they would be bound by the loan agreements. They also say that they saw the links in the waiver but did not click on or review any of the links before signing the waiver.[10]

On November 4, 2018, at the event, Anatoly Borokhovich crashed the Ferrari and totaled it. Emil Borokhovich was a passenger.[11]

Crum & Forster issued an insurance policy to Ferrari that covered the Ferrari and contained collision coverage.[12] After the accident, Ferrari filed a claim, and Crum & Forster paid it $292,508.35.[13] Crum & Forster filed this lawsuit to recover this money, claiming breach of contract by Robb Report (based on the loan agreement), breach of contract by the Borkhoviches (based on

---

[6] Loan Authorization Form, Ex. A to *id.* – ECF No. 68-1 at 11, 13.

[7] Barry Decl. – ECF No. 71-5 at 2 (¶ 2).

[8] *Id.* at 2 (¶¶ 3–4); A. Borokhovich Waiver, Ex. A to *id*. – ECF No. 71-5 at 4–11; E. Borokhovich Waiver, Ex. B to *id.* – ECF No. 71-5 at 13–20.

[9] A. Borokhovich Waiver, Ex. A to *id*. – ECF No. 71-5 at 6; *id.* at 2 (¶¶ 3–4).

[10] A. Borokhovich Decl. – ECF No. 72-2 at 2–3 (¶¶ 4–12); E. Borokhovich Decl. – ECF No. 72-3 at 2–3 (¶¶ 4–12).

[11] Florin Decl. – ECF No. 68-2 at 2 (¶ 2); Ex. A to *id*. – ECF No. 68-2 at 6; Proof of Loss, Ex. A to Perkins Decl. – ECF No. 68-3 at 4–6.

[12] Perkins Decl. – ECF No. 68-3 at 2 (¶¶ 2–5).

[13] Perkins Supp. Decl. – ECF No. 73-1 at 2 (¶ 6); Claim, Ex. B. to *id*. – ECF No. 73-1 at 153–160; Perkins Decl. – ECF No. 68-3 at 2 (¶ 7); Proof of Loss, Ex. A to *id.* – ECF No. 68-3 at 4–6.

the signed waivers), and negligence by all defendants.[14] All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636 and do not dispute the court's diversity jurisdiction.[15]

## SUMMARY-JUDGMENT STANDARD

The court must grant a motion for summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* at 248–49.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ("When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'") (quoting *Celotex*, 477 U.S. at 325).

If the moving party meets its initial burden, the burden then shifts to the non-moving party to produce evidence supporting its claims or defenses. *Nissan Fire & Marine*, 210 F.3d at 1103. The non-moving party may not rest upon mere allegations or denials of the adverse party's evidence, but instead must produce admissible evidence that shows there is a genuine issue of material fact for trial.

---

[14] Third Am. Compl. – ECF No. 48.

[15] Consents – ECF Nos. 7, 12, 19, 31.

ORDER – No. 20-cv-00127-LB  4

*Devereaux*, 263 F.3d at 1076. If the non-moving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

In ruling on a motion for summary judgment, the court does not make credibility determinations or weigh conflicting evidence. Instead, it views the evidence in the light most favorable to the non-moving party and draws all factual inferences in the non-moving party's favor. *E.g.*, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Ting v. United States*, 927 F.2d 1504, 1509 (9th Cir. 1991).

## ANALYSIS

Crum moved for partial summary judgment on its breach-of-contract claims on the ground that the defendants breached their agreements by not returning the Ferrari in the same condition and by not paying for the damages.[16] This is an early summary-judgment motion, filed before the close of discovery. All the defendants contend that Crum cannot assert its breach-of-contract claims because it is not a party to the contracts or a third-party beneficiary of them.[17] Robb Report also contends that it did not breach the agreement and did not cause damage to Crum.[18] The Borokhoviches contend that the agreement is not enforceable against them.[19] The court grants the motion in part: the defendants breached their contracts. The court defers consideration of Crum's entitlement to damages until the parties brief the issue further.

To state a claim for breach of contract, a plaintiff must show the following: (1) a contract existed; (2) the plaintiff performed his duties or was excused from performing his duties under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of that breach. *First Com. Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

The Vehicle Loan Agreement required Robb Report to "return the Vehicle(s) in the same condition as received, except for normal wear and tear" and made it "responsible for damages to

---

[16] Mot. – ECF No. 68.

[17] Opp'ns – ECF Nos. 71, 72.

[18] Opp'n – ECF No. 71 at 16–21.

[19] Opp'n – ECF No. 72 at 16–19.

ORDER – No. 20-cv-00127-LB                 5

the Vehicle(s) borrowed."[20] Similarly, the Borokhoviches signed waivers that incorporated the loan agreement.[21] By not returning the car in the same condition and by not paying damages, the defendants breached the agreements.

Robb Report nonetheless contends that Crum did not establish a breach that caused damages, the amount of damages, or the enforceability of the contract against Robb Report.[22] These contentions do not change the outcome.

First, Crum did suffer damages: the $292,508.35 it paid Ferrari for the totaled car.[23] Those damages resulted from Robb Report's breach of its contractual commitment to return the Ferrari in the same condition.[24] It also lent the car to the Borokhoviches. Their liability for causing the crash does not absolve Robb Report of liability for its separate breach.

Second, as to the amount of damages, Crum offered evidence of what it paid Ferrari: $292,508.35. Its Proof of Loss shows the cash value of the car, the salvage value, and the net loss that Crum paid.[25] Moreover, Robb Report could have made a Rule 56(d) argument but did not. There is no factual dispute.

Third, Robb Report contends that the loan agreement is not enforceable against it because Robb Rice, who signed the agreement, was "signing for" delivery of the vehicle and "did not agree, either personally or on behalf of Robb Report Media, to be responsible for the use of the Ferrari Superfast by any persons, or to be responsible for damage to [the] vehicle caused by persons other than" Rice.[26] The plain language of the contract governs here: it establishes the responsibility to return the car in the same condition and to pay for any damage. Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from

---

[20] Vehicle Loan Agreement, Ex. A to Richardson Decl. – ECF No. 68-1 at 11.

[21] Barry Decl. – ECF No. 71-5 at 2 (¶¶ 2–5); A. Borokhovich Waiver, Ex. A to Barry Decl. – ECF No. 71-5 at 6, 9; E. Borokhovich Waiver, Ex. A to Barry Decl. – ECF No. 71-5 at 15, 18.

[22] Opp'n – ECF No. 71 at 16–18.

[23] Proof of Loss, Ex. A to Perkins Decl. – ECF No. 68-3 at 5.

[24] Opp'n – ECF No. 71 at 18.

[25] Proof of Loss, Ex. A to Perkins Decl. – ECF No. 68-3 at 5.

[26] Opp'n – ECF No. 71 at 18–19; Rice Decl. – ECF No. 71-4 at 2 (¶ 6).

the writing alone, if possible"); *In re Bennett*, 298 F.3d 1059, 1064 (9th Cir. 2002). Robb Report's cases all involve ambiguous contracts.[27] This contract is not ambiguous.

The Borokhoviches contend that Crum did not establish that the link in the waivers actually connected to the loan agreement or that the waivers incorporated the loan agreement. They also never clicked on the links.[28] These contentions do not change the outcome either.

First, the Borokhoviches' failure to click on the link and read the loan agreements does not relieve them of their legal obligations under the contract. *Eventbrite, Inc. v. Loranger*, No. 19-cv-04083-RS, 2019 WL 11499335, at *4 (N.D. Cal. Nov. 19, 2019) ("Under California contract law principles, a cardinal rule of contract law is that a party's failure to read a contract, or to carefully read a contract, before signing it is no defense to the contract's enforcement.") (cleaned up). Here, they signed the required waiver. Right above the signature line was an advisement that by signing, they were agreeing to the terms, conditions, and stipulations in all the forms that followed. There are only ten hyperlinks, Robb Report's waiver and nine links for the nine car manufacturers. The links are obvious: "Ferrari Superfast Juror Vehicle Loan Agreement," for example. The conspicuous hyperlinks, the prompting to read them, the disclosure of the agreement, and the close proximity of the hyperlinks gave them sufficient notice of their responsibility. *Nguyen v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1176–78 (9th Cir. 2014).

Second, as to whether the "Ferrari Superfast Juror Vehicle Loan Agreement" hyperlink directed the Borokhoviches to the agreement had they clicked on it, Caroline Barry, Robb Report's Guest Experience Manager has personal knowledge of the waivers and the hyperlinks to the loan agreements.[29] This is evidence, and the Borokhoviches offered no contradictory evidence. *Devereaux*, 263 F.3d at 1076 ("the adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but must provide affidavits or other sources of evidence that set

---

[27] Opp'n – ECF No. 71 at 18.

[28] Opp'n – ECF No. 72 at 16–19; A. Borokhovich Decl. – ECF No. 72-2 at 2–3 (¶¶ 4–12); E. Borokhovich Decl. – ECF No. 72-3 at 2–3 (¶¶ 4–12).

[29] Barry Decl. – ECF No. 71-5 at 1–2 (¶¶ 1–4).

forth specific facts showing that there is a genuine issue for trial.") (cleaned up). Moreover, they could have made a Rule 56(d) argument but did not. There is no factual dispute.

The final issue is Crum's entitlement to damages: it contends that it is entitled to them under the doctrine of equitable subrogation (for all defendants) and as an intended beneficiary of the waivers (for the Borokhoviches).[30] The problem is that most of its briefing on equitable subrogation is in its reply brief. The court defers consideration of the issue. Within two weeks, the defendants may file a response of up to seven pages to the equitable subrogation argument, and Crum may reply in up to five pages one week later.

## CONCLUSION

The court grants in part Crum & Forster's motion for partial summary judgment and orders the supplemental briefing set forth in the previous paragraph. The court sets the matter for a hearing on July 29, 2021 at 9:30 a.m. The parties may adjust the hearing or briefing date by stipulation.

**IT IS SO ORDERED.**

Dated: June 21, 2021

LAUREL BEELER
United States Magistrate Judge

---

[30] Mot. – ECF No. 68 at 14–15; Reply – ECF No. 73 at 5–8.